UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

                 Plaintiff,

       v.

DISCIPLE SECURITY SERVICES, INC.,

                 Defendant.
-------------------------------------------------------X

Case No. 1:24-cv-3727

**COMPLAINT FOR**
**DECLARATORY RELIEF**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its attorneys,

Ford Marrin Esposito Witmeyer & Gleser, LLP, for its complaint against defendant Disciple

Security Services, Inc. ("Disciple"), alleges as follows:

## INTRODUCTION

1.    This is an action for declaratory judgment pursuant to Federal Rule of Civil

Procedure 57 and 28 U.S.C. section 2201. Mt. Hawley seeks a judgment declaring that it has no

duty to defend or indemnify Disciple for three underlying personal injury actions involving two

separate incidents occurring at the Miami Divas Gentlemen's Club, located at 29000 S. Dixie

Hwy, Homestead, FL 33033. A copy of the Google Map photograph is attached hereto as

**Exhibit 1**.[1] Two underlying personal injury actions involve a shooting incident at the Miami

Divas Gentlemen's Club, on September 24, 2022 (the "Monds/Lee Incident"). The third

underlying personal injury action involves an assault and stabbing at the Miami Divas

Gentlemen's Club on October 23, 2022 (the "Corona Incident"). The Corona Incident and the

---

[1] Available at: https://www.google.com/maps/place/Miami+Diva's+Gentlemens+Club/@25.4971755,-
80.4485541,3a,90y,296.6h,111.83t/data=!3m7!1e1!3m5!1s-uk_bHnoyGpc9FE0d9-
ZTA!2e0!6shttps:%2F%2Fstreetviewpixels-pa.googleapis.com%2Fv1%2Fthumbnail%3Fpanoid%3D-
uk_bHnoyGpc9FE0d9-ZTA%26cb_client%3Dsearch.gws-
prod.gps%26w%3D211%26h%3D120%26yaw%3D302.00668%26pitch%3D0%26thumbfov%3D100!7i16384!8i81
92!4m16!1m8!3m7!1s0x88d9dd01c5bb2c8b:0x8458f1f6b4696ee!2sMiami+Diva's+Gentlemens+Club!8m2!3d25.49
73053!4d-
80.4487646!10e5!16s%2Fg%2F11q8w2ll26!3m6!1s0x88d9dd01c5bb2c8b:0x8458f1f6b4696ee!8m2!3d25.4973053
!4d-80.4487646!10e5!16s%2Fg%2F11q8w2ll26?entry=ttu

Monds/Lee Incident are collectively referred to as the "Incidents".

## THE PARTIES

2.      Mt. Hawley is an insurance company domiciled in the State of Illinois that transacts certain insurance business in New York State and maintains an office in this state at 620 8th Ave, New York, New York 10018.

3.      At all times herein mentioned, Disciple was and is a domestic business corporation formed under the laws of the State of Florida with its principal place of business in Florida.

## JURISDICTION AND VENUE

4.      The Court has original jurisdiction over the present action under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. The insurance policy at issue provides a $1 million per occurrence limit.

5.      Disciple is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

6.      Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(3).

## THE MT. HAWLEY POLICIES

7.      At issue in this action is a Commercial General Liability Policy issued by Mt. Hawley to Disciple bearing policy number PGA0005049, which was in effect for the period from October 7, 2021 to October 7, 2022 (the "2021-22 Policy").

8.      A certified copy of the 2021-22 Policy is attached hereto as **Exhibit 2**.

9.      Also at issue in this action is a Commercial General Liability Policy issued by Mt. Hawley to Disciple bearing policy number PGA0005080, which was in effect for the period from

October 7, 2022 to October 25, 2023 (the "2022-23 Policy"). The 2021-22 Policy and the 2022-2023 Policies are collectively referred to as the "Policies").

10.    A certified copy of the 2022-23 Policy is attached hereto as **<u>Exhibit 3</u>**.

11.    Each Policy has a policy limit of $1,000,000 per occurrence.

12.    Subject to all of its terms, exclusions, limitations and conditions, the insuring agreement for each Policy provides in part as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.    INSURING AGREEMENT**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking "bodily injury" or "property damage" to which this insurance does not apply. . . .

*    *    *

(Exs. 2 & 3, Cov. A, §1 - Insuring Agreement.)

13.    Each Policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

**SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**

**Conditions**

This Policy is amended to add the following Conditions:

    **AA.**    **Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal

3

courts, and shall comply with all the requirements necessary to give such courts jurisdiction. Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

**BB.**   **Choice of Law.** All matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

(Exs. 2 & 3, RIL 099 [06/21], Service of Suit and Conditions Endorsement, Conditions, ¶1.)

(emph. in original.)

14.   By endorsement, each Policy contains the following "Specific Work" Exclusion:

### EXCLUSION -  SPECIFIC WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added top Paragraph **2. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph 2. **Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY** (Section I - Coverages):

**Specific Work**

This insurance does not apply to "bodily injury" or "personal and advertising injury" arising out of the specific work listed in the **Schedule** below, regardless of whether such specific work is conducted by you or on your behalf or whether the specific work is conducted for yourself or others.

This exclusion also applies if other causes contribute to or aggravate the "bodily injury," "property damage," or "personal and advertising injury."

### SCHEDULE

| Description of Specific Work: |
| --- |
| Any and all operations involving bars, taverns, lounges, gentlemen's clubs and |

nightclubs.
Any and all operations involving work for high profile clients, celebrities, athletes & entertainers.
Any and all operations involving low income housing, government owned housing, HUD housing and Section 8 housing.
Any and all baggage screening, cargo screening and/or passenger/individual/student screening.
Any and all operations involving dispensaries, pharmacies, growing facilities, farms, stash houses or bakeries involved with the sale, manufacture, or distribution of marijuana or other drugs, whether legalized, medicinal or otherwise.
Any and all operations involving training of any type to the outside public.
Any and all operations at, around, on behalf of, or arising from any concert, festival, sporting event, large special event open to the public, flea market, amusement park, state fair, county fair or municipal fair.
Any and all operations involving vehicle/pedestrian traffic control.

(Exs. 2 & 3, SGL 312 [10/12] [emphasis in original], hereinafter referred to as the "Specific Work Exclusion.")

15.    Each Policy also contains the following exclusion for abuse or molestation:

**ABUSE OR MOLESTATION EXCLUSION**

The following exclusion is added to Paragraph 2. Exclusions of SECTION I, COVERAGE A- BODILY INJURY AND PROPERTY DAMAGE, and Paragraph 2. Exclusions of SECTION I, COVERAGE B- PERSONAL AND ADVERTISING INJURY LIABILITY:

**Abuse and Molestation**

A.  This insurance does not apply to, nor is there a duty to defend, any claim or "suit" seeking damages or injunctive relief because of "bodily injury", "property damage" or "personal and advertising injury", directly or indirectly, in any way, (i) arising out of, (ii) involving; (iii) relating to; or (iv) in connection with, any of the following:

(1) "Abuse or Molestation"; or

(2) Any allegation of negligent or intentional:

(a) Hiring
(b) Employment
(c) Investigation

5

(d) Supervision
(e) Reporting to the proper authorities; or failure to so report; or
(f) Retention

of a person who is alleged to have committed "abuse or molestation" or of any entity that is alleged to be responsible for "abuse or molestation," and for which any insured is alleged to be legally responsible . . .

B.   For purposes of this endorsement, the following definition applies:

"Abuse or molestation" means:
(1) Any actual, alleged, threatened, negligent, or intentional:

(a) Physical abuse, attack, or molestation; . . .

(Exs. 2 & 3, CGL 485 [11/19].)

16.    Each Policy also contains the following endorsement:

**AMENDED CONDITIONS ENDORSEMENT**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is amended to add the following Conditions:

There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide materially incorrect, false, inaccurate, or incomplete information in the Application for this policy or in connection with any claim or "suit" submitted for coverage under this policy.

For purposes of this endorsement, any information provided or statements made in the Application shall be deemed material to the acceptance of the risk and issuance of the policy. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to the underwriting of or issuance of this policy. For purposes of this endorsement, the Application(s) is a part of this policy and is incorporated herein.

(Exs. 2 & 3, CGL 494 [11/20].)

<u>**THE EVENTS GIVING RISE TO THE UNDERLYING CLAIMS**</u>

<u>**The Monds/Lee Incident**</u>

17.     Upon information and belief, the Monds/Lee Incident involved a shooting on the commercial premises of the Miami Divas Gentlemen's Club on or about September 24, 2022 in which two people were shot: Teddrick D. Monds ("Monds") and Javis Lee ("Lee").

18.     Upon information and belief, Monds and Lee were shot at approximately the same time during the course of the same altercation located at the Miami Divas Gentlemen's Club.

19.     On or about February 23, 2023, Claimant Monds filed an amended complaint in an underlying personal injury action captioned *Teddrick D. Monds v.BT South, Inc., et al.*, Case No. 2022-023733-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County (the "*Monds Action*"). A true and correct copy of the Amended Complaint in the *Monds Action* (the "Monds Complaint") is attached hereto as <u>**Exhibit 4**</u>.

20.     The Monds Complaint alleges that Disciple was providing security and services at the Miami Divas Gentlemen's Club on September 24, 2022.

21.     The claims against Disciple in the Monds Complaint allege, *inter alia*, negligent security, negligent supervision, negligent retention and negligent hiring.

22.     After being notified of the *Monds Action*, Mt. Hawley issued a coverage position letter to Disciple, in which Mt. Hawley disclaimed coverage for the *Monds Action* based upon a number of terms, conditions and exclusions contained in the 2021-22 Policy.

23.     As set forth in Mt. Hawley's letter, Mt. Hawley agreed to defend Disciple in the *Monds Action* pursuant to a complete reservation of rights until such time that Mt. Hawley obtains a judicial declaration regarding coverage.

24.     Pursuant to the Service of Suit and Conditions Endorsement of the 2021-22 Policy, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that Mt. Hawley has no duty to defend or indemnify Disciple in the *Monds Action*.

25.     On or about March 22, 2023, Claimant Lee filed an amended complaint in an underlying personal injury action captioned *Javis Lee v.BT South, Inc., et al.*, Case No. 2022-023695-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County (the "*Lee Action*"). A true and correct copy of the Amended Complaint in the *Lee Action* (the "Lee Complaint") is attached hereto as **Exhibit 5**.

26.     The Lee Complaint alleges that Disciple was providing security and services at the Miami Divas Gentlemen's Club on September 24, 2022.

27.     The claims against Disciple in the Lee Complaint allege, *inter alia*, negligent security, negligent supervision, negligent retention and negligent hiring.

28.     After being notified of the *Lee Action*, Mt. Hawley issued a coverage position letter to Disciple in which Mt. Hawley disclaimed coverage for the *Lee Action* based upon a number of terms, conditions and exclusions contained in the 2021-22 Policy.

29.     As set forth in Mt. Hawley's letter, Mt. Hawley agreed to defend Disciple in the *Lee Action* pursuant to a complete reservation of rights until such time that Mt. Hawley obtains a judicial declaration regarding coverage.

30.     Pursuant to the Service of Suit and Conditions Endorsement of the 2021-22 Policy, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that Mt. Hawley has no duty to defend or indemnify Disciple in the *Lee Action*.

**The Corona Incident**

31.     Upon information and belief, the Corona Incident involved an assault and

8

stabbing of an individual named Raul Corona ("Corona") on the commercial premises of the Miami Divas Gentlemen's Club on or about October 23, 2022.

32.     On or about March 17, 2023, Claimant Corona filed an underlying personal injury action captioned *Raul Corona v. BT South, Inc., et al.*, Case No. 2023-005005-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County (the "*Corona Action*"). A true and correct copy of the Complaint in the *Corona Action* (the "Corona Complaint") is attached hereto as **Exhibit 6**. The *Corona Action*, the *Monds Action* and the *Lee Action* are collectively referred to as the "Underlying Actions".

33.     The Corona Complaint alleges that Disciple was providing security and services at the Miami Divas Gentlemen's Club on October 23, 2022.

34.     The claims against Disciple in the Corona Complaint allege, *inter alia*, negligent security, negligent supervision and negligent training.

35.     After being notified of the *Corona Action*, Mt. Hawley issued a coverage position letter to Disciple, in which Mt. Hawley disclaimed coverage for the *Corona Action* based upon a number of terms, conditions and exclusions contained in the 2022-23 Policy.

36.     As set forth in Mt. Hawley's letter, Mt. Hawley agreed to defend Disciple in the *Corona Action* pursuant to a complete reservation of rights until such time that Mt. Hawley obtains a judicial declaration regarding coverage.

37.     Pursuant to the Service of Suit and Conditions Endorsement of the 2022-23 Policy, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that Mt. Hawley has no duty to defend or indemnify Disciple in the *Corona Action*.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaration of No Coverage – Specific Work Exclusion)

38.     Mt. Hawley repeats and realleges each and every allegation set forth in the

preceding paragraphs as if fully set forth herein.

39.     Under the plain terms of the Specific Work Exclusion of the Policies, claims for "bodily injury" arising out of "[a]ny and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs" are excluded from coverage. (Exs. 2 & 3, SGL 312 [10/12].)

40.     The Underlying Actions allege "bodily injury" arising out of Disciple's operations involving a gentlemen's club, to wit the Miami Divas Gentlemen's Club.

41.     As a result, Mt. Hawley does not owe coverage to Disciple with respect to any claims in connection with the Incidents or Underlying Actions.

42.     Upon information and belief, Disciple disagrees with Mt. Hawley's position regarding the Specific Work Exclusion.

43.     Accordingly, there is a present justiciable controversy regarding the insurance coverage available to Disciple for any liability arising out of the Incidents or the Underlying Actions.

44.     Mt. Hawley is entitled to and demands judgment declaring that it has no obligation to defend or indemnify Disciple in connection with the Incidents or Underlying Actions under the Policies.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaration of No Coverage - Abuse or Molestation Exclusion)

45.     Mt. Hawley repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46.     As set forth above, the Policies exclude coverage for "bodily injury" for any claims "directly or indirectly, in any way, (i) arising out of; (ii) involving; (iii) relating to; or (iv) in connection with . . . 'abuse or molestation' . . . or "[a]ny allegation of negligent" . . . "hiring," "employment," "investigation," "supervision," "reporting to the proper authorities, or failure to

so report," or "retention."  (Exs. 2 & 3, CGL 485 [11/19].)

47.     "Abuse or molestation" is defined as any actual, alleged, threatened, negligent, or intentional physical abuse, attack, or molestation. (Exs. 2 & 3, CGL 485 [11/19].)

48.     The claims against Disciple in the Underlying Actions "directly or indirectly, in any way," arise out of, involve, relate to, and are connected to "abuse and molestation".

49.     As a result, Mt. Hawley does not owe coverage to Disciple with respect to any of the claims arising out of the Incidents or the Underlying Actions based on the Abuse and Molestation Exclusion.

50.     Upon information and belief, Disciple disagrees with Mt. Hawley's position regarding the Abuse and Molestation Exclusion.

51.     Accordingly, there is a present justiciable controversy regarding the insurance coverage available to Disciple for any liability arising out of the Incidents or Underlying Actions.

52.     Mt. Hawley is entitled to and demands judgment declaring that it has no obligation to defend or indemnify Disciple in connection with the Incidents or Underlying Actions under the Policies.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Declaration of No Coverage Under the 2022-23 Policy –**
**Amended Conditions Endorsement)**

53.     Mt. Hawley repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     As set forth above, the Amended Conditions Endorsement in the 2022-23 Policy provides:

> There is no coverage under this policy, this insurance shall not apply, and we shall have no duty to defend or indemnify any insured for any claim or "suit" alleging

"bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide materially incorrect, false, inaccurate, or incomplete information in the Application for this policy or in connection with any claim or "suit" submitted for coverage under this policy.

For purposes of this endorsement, any information provided or statements made in the Application shall be deemed material to the acceptance of the risk and issuance of the policy. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to the underwriting of or issuance of this policy. For purposes of this endorsement, the Application(s) is a part of this policy and is incorporated herein.

(Exs. 2 & 3, CGL 494 [11/20].)

55.     A copy of the relevant excerpts from the Deposition of James Dumay is attached hereto as **Exhibit 7**.

56.     Disciple's operations included gentlemen's clubs. (Ex. 7, p. 18, Lines 12-25.)

57.     Disciple submitted its application for insurance to Mt. Hawley for the 2022-23 Policy on October 6, 2022 ("Application"). A copy of the General Liability Insurance Application for Security Guards and Detective/Private Investigators is attached hereto as **Exhibit 8**.

58.     In its Application, Disciple represented that its operations were as follows: "SECURITY COMPANY (ARMED/UNARMED), 25% RESTAURANT (ARMED) & 75% CONSTRUCTION SITES (UNARMED)." (Ex. 8, p. 2, Question 31.)

59.     In its Application, Disciple represented that it had no operations at bars, nightclubs or taverns. (Ex. 8, p. 2, Question 31.)

60.     The Application contained misrepresentations, including, but not limited to, the misrepresentations by Disciple that its operations were limited to 25% RESTAURANT and 75% CONSTRUCTION SITES and that Disciple had no operations at bars, nightclubs or taverns.

61.     Disciple was aware of the Monds/Lee Incident on September 24, 2022. (Ex. 7, p. 67, Lines 17-19.)

62.     Disciple submitted its Application on October 6, 2022. (Ex. 8, p. 5.)

63.     In its Application, Disciple answered "no" to the following question: "Do you have any knowledge of incidents that could lead to a claim in the future?"  (Ex. 8, p. 3, Question 40.)

64.     In its Application, Disciple answered "no" to the following question: "Are you or your company aware of any facts, circumstances, incidents, or accidents (including but not limited to faulty or defective workmanship, product failure, construction dispute, breach of contract, property damage or worker injury) that a reasonably prudent person might expect to give rise to a claim or lawsuit, whether valid or not, which might directly or indirectly involve the company?"  (Ex. 8, p. 5.)

65.     The Application contained misrepresentations, including, but not limited to, the misrepresentations by Disciple that it had no knowledge of incidents that could lead to a claim and that that Disciple was not aware of any facts, circumstances, incidents, or accidents that a reasonably prudent person might expect to give rise to a claim or lawsuit, whether valid or not, which might directly or indirectly involve the company.

66.     Pursuant to the Amended Conditions Endorsement and based on Disciple's provision of incorrect, false, inaccurate, and/or incomplete information in the Application, Mt. Hawley has no obligation to defend or indemnify Disciple for the Corona Incident and *Corona Action* under the 2022-23 Policy.

67.     Upon information and belief, Disciple disagrees with Mt. Hawley's position regarding the Amended Conditions Endorsement.

68.    Accordingly, there is a present justiciable controversy regarding the insurance coverage available to Disciple for any liability arising out of the Corona Incident or *Corona Action*.

69.    Mt. Hawley is entitled to and demands judgment declaring that it has no obligation to defend or indemnify Disciple in connection with the Corona Incident or *Corona Action* under the 2022-23 Policy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mt. Hawley respectfully requests judgment declaring that:

(a)  Mt. Hawley has no obligation to defend or indemnify Disciple in connection with any claims arising out of the Incidents, including but not limited to the Underlying Actions; and

(b)  Granting such other and further relief as the Court finds just and appropriate, including attorneys' fees, costs and expenses incurred in this action.

Dated: May 15, 2024
New York, New York

**FORD MARRIN ESPOSITO WITMEYER
& GLESER, LLP**

By:____/s/ John A. Mattoon_____
Joseph D'Ambrosio
John A. Mattoon
Wall Street Plaza
New York, NY 10005-1875
Telephone: (212) 269-4900
*Attorneys for Plaintiff Mt. Hawley Ins. Co.*