UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

                                         Case No.  1:24-cv-3727-ALC

              Plaintiff,

     v.

                                        **DEFAULT JUDGMENT**

DISCIPLE SECURITY SERVICES, INC.,

              Defendant.
------------------------------------------------------X

On the below date, the Court considered the Motion for Default of plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley") against defendant Disciple Security Services, Inc. ("Defendant" or "Disciple"). The Court Clerk issued a Certificate of Default on August 26, 2024. After considering the Court's file, proof of service, and the grounds for judgment, the Court GRANTS the Motion for Default Judgment. This Court finds that:

1. Mt. Hawley issued General Liability Policy to Disciple bearing policy number PGA0005049, which was in effect for the period from October 7, 2021 to October 7, 2022, and further issued Commercial General Liability Policy to Disciple bearing policy number PGA0005080, which was in effect for the period from October 7, 2022 to October 25, 2023 (collectively the "Policies").

2. The Policies contain forum and choice-of-law provisions that stipulate that New York law governs "[a]ll matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules)." Compl. ¶ 13, Ex. 2, 3 (quoting Service of Suit and Conditions Endorsement of the Policy).

3. The Policies contain an exclusion titled "EXCLUSION – SPECIFIC WORK" which provides:

    This insurance does not apply to "bodily injury" or "personal and advertising injury" arising out of the specific work listed in the Schedule below, regardless of whether such specific work is conducted by you or on your behalf or whether the specific work is conducted for yourself or others.

    This exclusion also applies if other causes contribute to or aggravate the "bodily

injury," "property damage," or "personal and advertising injury."

SCHEDULE

Description of Specific Work:

Any and all operations involving bars, taverns, lounges, gentlemen's clubs and nightclubs.

*Id.*, ¶ 14.

4. The Policies contain an exclusion titled "ABUSE OR MOLESTATION EXCLUSION" that provides:

This insurance does not apply to, nor is there a duty to defend, any claim or "suit" seeking damages or injunctive relief because of "bodily injury", "property damage" or "personal and advertising injury", directly or indirectly, in any way, (i) arising out of, (ii) involving; (iii) relating to; or (iv) in connection with, any of the following:

(1) "Abuse or Molestation"; or
(2) Any allegation of negligent or intentional:
    (a)    Hiring
    (b)    Employment
    (c)    Investigation
    (d)    Supervision
    (e)    Reporting to the proper authorities; or failure to so report; or
    (f)    Retention

of a person who is alleged to have committed "abuse or molestation" or of any entity that is alleged to be responsible for "abuse or molestation," and for which any insured is alleged to be legally responsible . . .

For purposes of this endorsement, the following definition applies:

"Abuse or molestation" means:

(1) Any actual, alleged, threatened, negligent, or intentional:

(a) Physical abuse, attack, or molestation; . . .

*Id.*, ¶ 15.

5. The Policies also contain an endorsement titled "Amended Conditions Endorsement" which provides:

There is no coverage under this policy, this insurance shall not apply, and we shall

> have no duty to defend or indemnify any insured for any claim or "suit" alleging "bodily injury," "property damage," or "personal and advertising injury" if, at any time and regardless of intent, you or any other insured provide materially incorrect, false, inaccurate, or incomplete information in the Application for this policy or in connection with any claim or "suit" submitted for coverage under this policy.
>
> For purposes of this endorsement, any information provided or statements made in the Application shall be deemed material to the acceptance of the risk and issuance of the policy. For purposes of this endorsement, the Application(s) includes, without limitation, any application forms and any other forms, documents, or information submitted to us in connection with or relating to the underwriting of or issuance of this policy. For purposes of this endorsement, the Application(s) is a part of this policy and is incorporated herein.

*Id.*, ¶ 16.

6. With respect to two separate incidents involving shootings or stabbings at the Miami Divas Gentlemen's Club, Disciple has sought a defense and indemnity from Mt. Hawley under the foregoing Policies for the personal injury litigations captioned: (1) *Raul Corona v. BT South, Inc., et al.*, Case No. 2023-005005-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County; (2) *Teddrick D. Monds v. BT South, Inc., et al.*, Case No. 2022-023733-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County; and (3) *Javis Lee v. BT South, Inc., et al.*, Case No. 2022-023695-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County (collectively, the "Underlying Actions").

7. Because the Underlying Actions involve Disciple's operations at a gentlemen's club, the claims fall within the "EXCLUSION – SPECIFIC WORK" and as such there is no coverage for the Underlying Actions under the applicable Mt. Hawley Policies.

8. The Underlying Actions involve allegations of physical abuse or attack for which the underlying plaintiffs seek to hold Disciple liable and, as such, the claims fall within the "ABUSE OR MOLESTATION EXCLUSION" and as such there is no coverage for the Underlying Actions under the applicable Mt. Hawley Policies.

9. Disciple provided materially incorrect, false and inaccurate information in connection with its application for insurance submitted with respect to policy number PGA0005080. Specifically, Disciple misrepresented that: (1) it had no operations at bars, nightclubs or taverns; and (2) it had no knowledge of incidents that could lead to a claim. As a result, there is no coverage for the action styled as *Raul Corona v. BT South, Inc., et al.*, Case No. 2023-005005-CA-01, pending in the Circuit Court of the State of Florida, Miami-Dade County under policy number PGA0005080 on the basis of the Amended Conditions Endorsement.

Accordingly, it is:

1. **ORDERED, ADJUDGED AND DECREED**: that Mt. Hawley's motion for default

judgment is GRANTED and the following relief is hereby entered against Defendant and in favor of Mt. Hawley: Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, the Court hereby declares that, under Commercial General Liability Policy No. PGA0005049 issued by Mt. Hawley to Disciple for the period from October 7, 2021 through October 7, 2022 and also Commercial General Liability Policy No. PGA0005080 issued by Mt. Hawley to Defendant for the period from October 7, 2022 through October 7, 2023, for the reasons stated in the papers submitted in support of Mt. Hawley's motion for default judgment and as set forth herein <u>Mt. Hawley Insurance Company</u> does not owe any duty to defend or indemnify Defendant Disciple Security Services, Inc. in connection with the Underlying Actions.

**SO ORDERED**: this 30th day of January, 2025
New York, NY

_____
**Hon. ANDREW L. CARTER, JR.**
**UNITED STATES DISTRICT JUDGE**